UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RIKI PAUL JOHNSON, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>)<br>ASHLEY ELIZABETH FLIEHR a/k/a )<br>CHARLOTTE FLAIR; RICHARD )<br>MORGAN FLIEHR a/k/a RIC FLAIR; )<br>BRIAN SHIELDS; and WORLD )<br>WRESTLING ENTERTAINMENT, INC. )<br>)<br>*Defendants.* | Case No. 3:18-cv-565 |

## NOTICE OF REMOVAL

Defendant World Wrestling Entertainment, Inc. ("**WWE**") respectfully submits this Notice of Removal (the "**Notice**") and requests that the action docketed as Case Number 18 CVS 19522 in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina (the "**State Court Action**") be removed from that Court to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for removal, WWE states as follows:

## TIMELINESS OF REMOVAL

1. On September 23, 2018, Plaintiff filed the State Court Action in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, docketed as Case Number 18 CVS 19522.

2. On October 12, 2018, WWE received a copy of the Complaint, but has not been served with the Summons and Complaint at the time of this removal. Removal is timely under

28 U.S.C. § 1446(b)(1) because WWE has filed this Notice "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

3. A copy of the Complaint, as received by WWE, in the State Court Action is attached as **Exhibit A**.

## DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1441(a), removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

6. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint demands $5,500,000 in damages, consisting of $500,000 in alleged actual damages and $5,000,000 in alleged punitive damages. *See* Ex. A. "A party's good faith allegation on the amount in controversy generally will be sufficient to establish that the amount in controversy requirement of § 1332 is met." *Fairfield Resorts, Inc. v. Fairfield Mountains Prop. Owners Ass'n, Inc.*, No. 1:06-CV-191, 2006 WL 1801547, at *1 (W.D.N.C. June 28, 2006).

7. Complete diversity exists between Plaintiff and Defendants, as Plaintiff is a citizen of the State of New Jersey and none of the defendants are New Jersey citizens.

8. Defendant WWE is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

9. Defendant Brian Shields is a citizen of the State of New York.

10. Defendant Ashley Elizabeth Fliehr is a citizen of the State of North Carolina.

11. Defendant Richard Morgan Fliehr is a citizen of the State of North Carolina.

12. Removal is not prohibited by the plain language of 28 U.S.C. § 1441(b)(2). The "forum defendant rule" prohibits the removal of a case to federal court where the sole basis of removal is under 28 U.S.C. § 1332(a) and "any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This statutory prohibition against removal by a forum resident defendant is not triggered because there has not been service on the resident defendants.

13. Applying the plain language meaning of Section 1441(b)(2), North Carolina district courts have held that the forum defendant must be ***served*** at the time the notice of removal is filed for the "forum defendant rule" to apply. *See Chace v. Bryant*, No. 4:10-CV-85-H, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010) ("The plain language of Section 1441(b) 'implies that a diverse but resident defendant who has not been served may be ignored in determining removability.' . . . Therefore, 28 U.S.C. § 1441(b) does not apply to bar removal of this action.") (quoting 14B Wright & Miller § 3723, at 784 (4th ed. 2009)); *see also Annese v. Diversey, Inc.*, No. 3:17-CV-00005-GCM, 2017 WL 2378808, at *2 (W.D.N.C. June 1, 2017) ("Defendants [forum defendants] were not 'properly joined and served' when they filed the Notice of Removal and were therefore not subject to the forum defendant rule.").

14. The language of the statute is unambiguous. Congress plainly intended to require service of the complaint to trigger the prohibition of removal by a forum resident defendant.

15. To date, Plaintiff has not served the forum defendants, Ashley Elizabeth Fliehr and Richard Fliehr. Accordingly, the forum defendant rule does not apply to bar removal of this action.

16. To date, no other Defendant has been properly joined and served in this action. As such, it is not necessary for any other Defendant to consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

## **VENUE**

17. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Western District of North Carolina, Charlotte Division, is the federal judicial district embracing the Superior Court of Mecklenburg County, North Carolina, in which the State Court Action was originally filed.

## **SERVICE AND FILING OF NOTICES**

18. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the Clerk of Court for the Superior Court of Mecklenburg County, North Carolina, together with a Notice of Filing Notice of Removal.

19. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice, together with a copy of the Notice of Filing Notice of Removal, is being served on Plaintiff.

WHEREFORE, because this Court has jurisdiction over this action as set forth above, and because Defendant WWE has complied with the applicable procedures for removal specified in § 1446, removal is appropriate; and Defendant WWE respectfully requests that this action be placed upon the docket of the Court for further proceedings, as though it had originally been instituted in this Court.

Dated: October 17, 2018                    Respectfully submitted,

*/s/ John H. Culver III*
John H. Culver III
NC Bar No. 17849
K&L GATES LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Phone: 704.331.7453
Fax: 704.353-3753
john.culver@klgates.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I served a true and correct copy of the foregoing Notice of Removal via U.S. First Class, postage prepaid, upon the following:

>Riki Paul Johnson
>404 Navesink Ave.
>Atlantic Highlands, NJ 07716.


*/s/ John H. Culver III*