# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

# GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b), Rules of Practice For Superior and District Courts

**Name And Address Of Plaintiff 1**
Riki Paul Johnson
404 Navesink Avenue
Atlantic Highlands, NJ 07716
Cell: 662-701-0582

**Name And Address Of Plaintiff 2**
N/A

**VERSUS**

**Name Of Defendant 1**
Ashley Elizabeth Fliehr
a/k/a Charlotte Flair

Summons Submitted ☐ Yes ☒ No

**Name Of Defendant 2**
Richard Morgan Fliehr
a/k/a Ric Flair

Summons Submitted ☐ Yes ☒ No

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)

Pro Se at this time

North Carolina Attorney Bar No. _____

☐ Initial Appearance in Case   ☐ Change of Address

**Name Of Firm**
Pending

Telephone No. _____   FAX No. _____

Counsel for
☐ All Plaintiffs  ☐ All Defendants  ☐ Only (List party(ies) represented)

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING
(check all that apply)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Answer/Reply (ANSW-Response)
- ☒ Complaint (COMP)
- ☐ Confession of Judgment (CNFJ)
- ☐ Counterclaim vs. (CTCL)
  - ☐ All Plaintiffs  ☐ Only (List on back)
- ☐ Crossclaim vs. (List on back) (CRSS)
- ☐ Extend Statute of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Answer (MEOT-Response)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
- ☐ Other: (specify)

## CLAIMS FOR RELIEF FOR:
(check all that apply)
- ☐ Administrative Appeal (ADMA)
- ☐ Appointment of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim and Delivery (CLMD)
- ☐ Collection on Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP)
- ☐ Possession of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☒ Other: (specify)
  Defamation, Slander

**NOTE:** Small claims are exempt from cover sheets.

Date: 09/23/2018

Signature Of Attorney/Party: Riki P. M. Johnson

**NOTE:** The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 2/06, © 2006 Administrative Office of the Courts

# EXHIBIT A

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | None |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

| No. | ☒ Additional Defendant(s) ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| 3 | Brian Shields | ☐ Yes ☒ No |
| 4 | World Wrestling Entertainment, Inc. d/b/a "WWE" | ☐ Yes ☒ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

N/A

*Defendant(s) Against Whom Crossclaim Asserted*

N/A

IN THE SUPERIOR COURT OF MECKLENBURG COUNTY

NORTH CAROLINA

| | |
|---|---|
| RIKI PAUL JOHNSON ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ASHLEY ELIZABETH FLIEHR ) <br> a/k/a  ASHLEY FLAIR, a/k/a CHARLOTTE FLAIR ) <br> ) <br> RICHARD MORGAN FLIEHR ) <br> a/k/a  RIC FLAIR, a/k/a "NATURE BOY" FLAIR ) <br> ) <br> BRIAN SHIELDS ) <br> ) <br> WORLD WRESTLING ENTERTAINMENT, INC. ) <br> d/b/a  the "WWE" ) <br> ) <br> Defendants. ) | DOCKET NO. _____ |

## COMPLAINT

COMES NOW the *Pro Se* Plaintiff, RIKI PAUL JOHNSON, and files this Defamation Complaint against:

1. **ASHLEY ELIZABETH FLIEHR**
   a/k/a  ASHLEY FLAIR,  a/k/a CHARLOTTE FLAIR

2. **RICHARD MORGAN FLIEHR**
   a/k/a  RIC FLAIR, a/k/a "NATURE BOY" FLAIR

3. **BRIAN SHIELDS**

4. **WORLD WRESTLING ENTERTAINMENT, INC.**
   d/b/a "the WWE"

**and others as yet unknown**.

In support thereof the Plaintiff would show the following, to-wit:

I.

That **RIKI PAUL JOHNSON** (the "Plaintiff"), is an adult citizen of the United States and is currently a resident of the State of New Jersey. The Plaintiff is a former resident of Charlotte, North Carolina and continues to have members of his immediate family who reside there.

II.

That **ASHLEY ELIZABETH FLIEHR** ("Defendant #1") and **RICHARD MORGAN FLIEHR** ("Defendant #2) are both adult citizens of the United States and are believed to be current residents of Charlotte, North Carolina. **BRIAN SHIELDS** ("Defendant #3") is an adult citizen of the United States and believed to be a resident of the State of New York. **World Wrestling Entertainment, Inc.** d/b/a "WWE," ("Defendant #4) is a publicly traded entertainment company headquartered in the state of Connecticut.

III.

That **Defendant #1** and **Defendant #2** are personally and professionally associated with/to Defendant #3 and Defendant #4. **Defendant #3** is known to be a contract author who has been in the employ of Defendant #4 in creating publicly engaging marketing *images* for WWE personalities. **Defendant #4** "WWE" stands for World Wrestling Entertainment formerly known as World Wrestling Federation (WWF). The American based company was incorporated in the year 1980 and is well known for its professional wrestling, sports entertainment, and mass media interests. The headquarters of the company is located in Stamford, Connecticut.

## COUNT I

IV.

That the Defendant(s) and or their agents (hereinafter collectively referred to as the "Defendants") collaborated together in the preparation and publication of a 320-page book entitled "*Second Nature*" (ISBN-10: 1250120578) which was released nationally in/about September 2017. The false assertions in that book were purposely designed to willfully, maliciously and intentionally inflict emotional distress upon the Plaintiff, without just cause, and done so with the intent of harming the Plaintiff. As a direct and proximate cause of Defendants' actions in publishing the book with the numerous salacious falsehoods about the Plaintiff - falsehoods that were never verified, nor even investigated, by the defendants, the Plaintiff was irreparably harmed by the Defendants and subjected to national ridicule, contempt and disgrace. Such aspersions include, but are certainly not limited to, the allegation that the Plaintiff is sterile thus incapable of fathering children. Such a false allegation that called into question how the Plaintiff's current wife was recently impregnated while, at the same time, questioning the identity of the Plaintiff's other three (3) children's father – children who all currently reside in the Charlotte, NC area and who are now subject to the ridicule and shame of the false allegations as well. Multiple false allegations of physical and/or psychological abuse perpetrated by the Plaintiff on Defendant #1 and Defendant #2. Notably, alleged criminal misconduct by the Plaintiff that is unsupported by any official records, medical reports or any other supporting documentation. Moreover, such misconduct being attributed to the Plaintiff that is, in fact, contradicted by official police reports and police dash cam video footage depicting Defendant #1 being the "out-of-control" aggressor in a physical and verbal

tirade which was directed at the responding police officers as well as her disparaging and racist comments being directed at the Afro-American community in Chapel Hill, NC.

## COUNT II

V.

As a direct and proximate cause of Defendants' actions in publishing the book with the numerous egregious aspersions, the Defendants willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff, without just cause, and did so with the intent of harming the Plaintiff. In one representative example, the Defendants falsely alleged that the Plaintiff was terminated from two (2) prior places of employment because of illicit drug use - claims that they knew were patently false yet they recklessly disregarded their falsity. As a direct and proximate cause of the Defendants' actions, the Plaintiff was, in fact, irreparably harmed by the Defendants and subjected to impeachment in his chosen profession as well as any future employment opportunities. Resultantly, the Plaintiff has suffered significant financial hardships and continues to do so.

## COUNT III

VI.

That the Defendants have intentionally, maliciously and without just cause, engaged in deceitful business practices, as well as malicious and intentional fraud, that was deliberately designed to enhance the reputations and WWE marketability of Defendant #1 and Defendant #2, but done so at the expense of the Plaintiff's national reputation. Specifically, Defendant #4 agreed, collaborated and conspired with the other Defendants identified herein, and others as yet unknown, to make Defendant #1 *"the driving force*

4

*behind WWE's women's evolution, which has given female performers an equal share of the spotlight both in and out of the ring."* Additionally, as was stated publically by members of Defendant #4's corporate management staff, as well as Defendant #3, Defendant #1 was being promoted and groomed to be the "new face" of women involved in the WWE. The salacious, albeit false, allegations made against the Plaintiff in the publication *"Second Nature,"* (and the many subsequent public interviews) were intentionally designed to falsely promote Defendant #1 as a female "victim" who overcame personal adversity and domestic abuse, while, at the same time, representing Defendant #2 was a supportive and caring father. Neither assertion is based in fact or truth, but was intentionally designed by Defendant #3 and Defendant #4 to garner public sympathy (and marketability) for Defendant #1 in the burgeoning *#MeToo* movement. As a direct and proximate cause of these deliberate deceitful business practices and accompanying falsehoods, the Plaintiff has been irreparably harmed.

VII.

By conducting these personal interviews, conducting numerous telephone interviews and sending emails/texts to Defendant #1 and Defendant #2 in Charlotte, North Carolina, the Defendants have established this Court's jurisdiction in this matter by intentionally, maliciously, and without just cause, slandering the Plaintiff's name and reputation in the Charlotte, NC community, and elsewhere, by knowingly making these false and defamatory assertions about the Plaintiff in a national publication. As a direct and proximate cause thereof, the Defendants have irreparably harmed the Plaintiff.

VIII.

That as a result of the Defendants' collective actions, the Plaintiff will be forced to retain an attorney and incur additional expenses in defending himself in this matter.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands a judgment of and from the Defendant in the sum of Five Hundred Thousand Dollars ($500,000.00) in actual damages and Five Million Dollars ($5,000,000.00) as punitive damages along with reasonable attorney fees and all related costs.

WHEREFORE PREMISES FURTHER CONSIDERED, Plaintiffs further pray that this Court will issue a temporary injunction against the Defendants in preventing said Defendants from continuing to harm the Plaintiff in the manner set out above. Arguably, the Plaintiff has no other remedy in law, or equity, and he will continue to be irreparably harmed should said injunction not be issued.

Plaintiffs pray for such other relief as in law or equity they may be entitled.

Respectfully submitted,

*signature*

RIKI PAUL JOHNSON
*Pro Se* Plaintiff

Date: 09/22/2018

*signature*

BERNARD MARCINIAK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 9/9/2020

5

## CERTIFICATE OF SERVICE

I, Riki Paul Matsufuji Johnson, Plaintiff Pro Se, do hereby certify that I have this day forwarded via certified mail, signature and return receipt requested, a true and correct original and/or copy of the above complaint to:

**Ashley Elizabeth Fliehr AKA "Charlotte Flair"**
5205 Berkeley Estates Drive
Charlotte, NC 28277

**Richard Morgan Fliehr AKA "Ric Flair"**

**Brian Shields**

**World Wrestling Entertainment, Inc.**
WWE Business and Legal Affairs
Attention: Blake T. Bilstad
SVP and General Counsel
1241 East Main Street
Stamford, CT 06902

SO CERTIFIED, this the _23_ day of _September_, 2018

*Riki P. M. Johnson*

Signature of Party
Riki Paul Matsufuji Johnson
404 Navesink Avenue
Atlantic Highlands, NJ 07716
662.701.0582
BohdiWest@Gmail.com